**Jon T. ESPOSITO, Appellant,**

v.

**Cherrie E. BECK, Appellee.**

**No. 4500.**

Court of Civil Appeals of Texas, Eastland.

Dec. 17, 1971.

Schulz, Hanna & Burke, W. L. Burke, Jr., Abilene, for appellant.

Bradbury, Tippen & Cross, Bryan Bradbury, Abilene, for appellee.

McCLOUD, Chief Justice.

The question to be decided is whether the trial court abused its discretion in refusing a request for a jury trial. Cherrie E. Esposito Beck filed suit against her former husband, Jon T. Esposito, alleging changed conditions, and seeking custody of their child.

The trial court without a jury awarded custody of the child to Cherrie E. Esposito Beck. Jon T. Esposito appeals. We affirm.

Appellant contends the trial court erred in denying him the right to have a jury determine the contested issues. Appellee argues that appellant failed to make a timely request for a jury trial. The jury fee as required by Rule 216, Texas Rules of Civil Procedure, was paid on March 26, 1971. Appellant says that the trial commenced on April 21, 1971, and therefore his request for a jury trial was timely made. Appellee says that the trial commenced on September 16, 1970, and that the request for a jury after the trial had commenced was not timely made.

The judgment entered by the court reads in part as follows:

"Came on the 16th day of September, 1970 to be heard and considered the application of Cherrie E. Esposito seeking change of custody . . . All parties were present and represented by attor-

neys, and the attorneys announced to the Court that they had agreed to suggest to the Court than an investigation be made by the Taylor County Child Welfare Unit regarding matters that would aid the Court in determining what would be to the best interest of said child as to custody, and that a report be filed with the Court by the Taylor County Child Welfare Unit and to be considered by the Court in making such determination.

The attorneys further announced to the Court that it was agreed that after said report had been filed that if either party desired to introduce other evidence that would be relevant, that the party would have an opportunity to do so.

. . . After said report was filed, the Court at the request of both parties then set April 21, 1971 at 9:00 A. M. as the time when any or all parties to this cause would have an opportunity to offer evidence to rebut, explain or add to said report or to offer evidence as to any new matter. All parties appeared in person and by and through their attorneys on April 21, 1971 at 9:00 A. M. for said purpose. At this hearing additional evidence was offered on behalf of Cherrie E. Beck (the said Cherrie E. Esposito having since the application for change of custody was filed married and her name is now Cherrie E. Beck) and on behalf of Jon T. Esposito."

The transcript contains a statement by the trial judge that the case was set for trial September 16, 1970; that all parties and their attorneys appeared; that the attorneys stated to the court that they agreed that it would be in the interest of justice for the court to request the Taylor County Child Welfare Unit to make an investigation and report in the cause; that on September 16, 1970 when the attorneys made the request they stated to the court that their clients reserved the right to offer evidence to rebut, explain or add to the report if they felt it necessary; and, that

after the report was filed the court at the request of both parties set April 21, 1971 as the time when any or all parties would have an opportunity to offer evidence as to any new matter. The trial judge certified that he refused the request for a jury trial because in his opinion the trial commenced on September 16, 1970.

We think the recitations in the judgment and the statements made by the trial court that the trial commenced on September 16, 1970 constitutes some probative evidence that the trial commenced on that date and we cannot say from the record before us that the trial court abused his discretion in denying appellant a jury trial.

We overrule appellant's point of error. The judgment is affirmed.